```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Richard Maenpaa,               )
                               )
         Plaintiff,            )
                               )
     v.                        )
                               )   Civil Action No.
Andrew Saul, Commissioner of the)  19-10086-NMG
Social Security Administration,)
                               )
         Defendant.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Richard Maenpaa ("Maenpaa" or "plaintiff") seeks judicial review of the denial of part of his application for social security disability insurance benefits ("SSDI benefits") by Andrew M. Saul, Commissioner of the Social Security Administration ("the Commissioner" or "defendant").[1]

Pending before the Court are the motion of plaintiff to modify the decision of the Commissioner and the motion of defendant to affirm that decision. For the reasons that follow, plaintiff's motion will be denied and the defendant's motion will be allowed.

---

[1] The Complaint names Acting Commissioner Nancy Berryhill as the defendant. Andrew Saul is now the confirmed Commissioner of the Social Security Administration and is, therefore, automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I.  **Background**

### A.  **Factual Background**

Maenpaa was born in 1963. He received his GED in 2003 and, although he earned some college credits, he did not obtain a degree. Prior to applying for SSDI benefits, Maenpaa worked primarily as a pipefitter.

In September, 2015, plaintiff applied for SSDI benefits retroactive to November, 2014, due to a brain injury, lower back and neck injuries, high blood pressure, type-2 diabetes and high cholesterol. The Social Security Administration ("the SSA") denied his application.

In September, 2017, upon his request for reconsideration, plaintiff's case was heard by an administrative law judge ("ALJ"). The ALJ found that plaintiff was not disabled and denied him benefits.

Plaintiff appealed the ALJ's decision to the Appeals Council. In November, 2018, the Appeals Council reversed and found that plaintiff was disabled but only as of the date of the ALJ's decision, January 26, 2018.

Plaintiff filed his request for judicial review of the Appeals Council's decision in this Court in January, 2019.

**B.   The Regulatory Framework**

The SSA applies a five-step procedure to determine whether an applicant is disabled. 20 C.F.R. §§ 404.1520, 416.920.  The first four steps ask if an applicant:

(1)  is engaged in substantial gainful activity;
(2)  has an impairment, or combination of impairments, which significantly limit his physical or mental ability to do basic work;
(3)  has an impairment, or combination of impairments, that meet or equal a listed impairment; and
(4)  has impairments that prevent him from doing past relevant work.

The claimant shoulders the burdens of production and persuasion at each of those steps to show that he has a severe impairment and cannot perform his past relevant work. See Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).  If the claimant meets his burden, he is presumptively disabled and the burden shifts to the Commissioner at the fifth and final step, which considers whether an applicant's impairment, considering his residual functional capacity ("RFC"), age, education and past work experience, prevents him from doing work that exists in the national economy. See 20 C.F.R. § 404.1520(f).

At step five, the ALJ is guided by the Medical-Vocational Guidelines found in 20 C.F.R., Part 404, Subpart P, Appendix 2 ("the Guidelines" or "the Grids").  The Guidelines are

effectively an elaborate chart that specifies whether a person of a certain age, educational level and with a particular work history is disabled.  The Guidelines further account for an applicant's exertional limitations in determining whether he or she is able to work unskilled jobs that exist in the national economy.  If, given a claimant's profile and exertional limitations, the Guidelines dictate that claimant can perform a significant number of jobs, then the claimant is deemed not disabled.

The Guidelines do not, however, account for non-exertional limitations.  When a claimant has demonstrated he or she possesses non-exertional limitations, the ALJ cannot rely exclusively on the Guidelines. See Ortiz v. Sec'y of Health & Human Servs. 890 F.2d 520, 524 (1st Cir. 1989).  Instead, the ALJ must obtain and consider expert evidence, typically from a vocational expert, about whether sufficient jobs exist in the national economy that the claimant can perform. Id.

    **C.**    **The ALJ's Decision**

The ALJ applied the five-step analysis prescribed by 20 C.F.R. § 494.1520 and concluded that plaintiff was not disabled because he (1) had not engaged in substantial gainful employment since his alleged onset date of November, 2014, due to (2) several severe impairments, including diabetes, obesity, brain

injury with mild neurocognitive impairment, degenerative changes of the lumbar spine, hypertension, hyperlipidemia and chronic pain (3) but those impairments did not meet or medically equal the severity of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  At step four, the ALJ determined that despite his impairments, Maenpaa retained the RFC to perform light work restricted to simple, routine tasks pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b).

Before proceeding to the fifth step, the ALJ retained a vocational expert because she concluded that Maenpaa demonstrated both exertional and non-exertional limitations. That expert testified that someone of Maenpaa's age, education and experience could not perform any of his past jobs, but could perform significant alternative jobs that are available in the national economy, including ticket seller in a movie theater or public transportation facility (1,000 jobs in Massachusetts), cafeteria attendant (1,500 jobs in Massachusetts) and molding machine tender (700 jobs in Massachusetts).

The ALJ ultimately concluded that based on plaintiff's characteristics, the Guidelines and the testimony of the vocational expert, plaintiff was not disabled.

### D. The Appeals Council's Decision

The Appeals Council adopted the ALJ's findings on steps one through four. With respect to the fifth step, however, the Appeals Council disagreed with the ALJ's application of the Guidelines to Maenpaa. Specifically, the Appeals Council found Maenpaa as presenting a "borderline age situation" because he was less than one month away from turning 55 years old at the time of the ALJ's decision. A person of that age is "of advanced age," pursuant to 20 C.F.R. §§ 404.1563(b) and 416.963(b). According to the Appeals Council, such an age designation, in combination with Maenpaa's other characteristics, placed him in a Guidelines category of disabled.

The Appeals Council classified Maenpaa as of "advanced age" which resulted in a Guidelines determination of disabled. Accordingly, the Appeals Council reversed the ALJ and found Maenpaa eligible for SSDI benefits as of the date of the ALJ's decision, January 26, 2018. Maenpaa was not eligible for benefits prior to that date because the balance of factors did not support deviating from plaintiff's actual age until January 26, 2018, and without the "advanced age" classification, Maenpaa fell into the Guidelines category of not disabled for the reasons explained by the ALJ.

**E.   The Parties' Arguments**

The narrow issue presented on appeal is whether the Appeals Council erred in failing to cite any vocational expert evidence in support of its decision that Maenpaa was not entitled to SSDI benefits before January 26, 2018.

Plaintiff submits that the lack of any vocational expert support for the Appeals Council's decision renders it unsustainable.  Plaintiff requests that the case be remanded to either the Appeals Council or the ALJ for further vocational testimony.

The Commissioner responds that although the Appeals Council did not directly cite vocational expert evidence, it relied upon the decision of the ALJ, which in turn relied on such testimony. In doing so, it agreed with the entirety of the ALJ's analysis except for its age determination.  The Commissioner further contends that any failure of the Appeals Council to adopt the vocational expert testimony explicitly "is, at worst, harmless error."

**II.   Pending Motions**

**A.   Legal Standard**

Title II of the Social Security Act grants to United States District Courts the authority to affirm, modify or reverse the "final decision of the Commissioner of Social Security". 42

U.S.C. § 405(g). In this case, the final decision is the decision of the Appeals Council. See 20 C.F.R. §§ 404.981, 416.1481 (noting that the decision of the Appeals Council is binding unless a claimant files an action in federal district court).

A district court's review of such a final decision is not, however, de novo. See Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). The Social Security Act provides that the findings proffered in the final decision are conclusive if 1) they are "supported by substantial evidence", or evidence "reasonably sufficient" to support the conclusion, and 2) apply the correct legal standard. See 42 U.S.C. § 405(g). See also Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998); Seavey v. Barhart, 276 F.3d 1, 9 (1st Cir. 2001). If those criteria are satisfied, the Court must uphold the decision even if the record could justify a different conclusion. Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987).

**B.   Application**

The Appeals Council applied the correct legal standard and its decision is supported by substantial evidence.

Maenpaa is correct that the Appeals Council did not explicitly adopt the testimony of the vocational expert heard

and relied upon by the ALJ.  Such an explicit endorsement is unnecessary, however, because the Appeals Council adopted the "evidentiary facts" found by the ALJ and conducted the same legal analysis.  Indeed, the Appeals Council expressly recognized that plaintiff had several "non-exertional limitations", which prohibited its reliance upon the Guidelines without considering vocational expert testimony. See Ortiz, 890 F.2d at 524.  That recognition, combined with the Appeals Council's adoption of the "evidentiary facts" found by the ALJ, supports a conclusion that the Appeals Council relied upon the evidence presented to the ALJ, including expert testimony, in rendering its decision.

Assuming arguendo, that the Appeals Council committed error by failing expressly to incorporate in its opinion the vocational expert testimony proffered to the ALJ, such error is harmless and does not warrant remand.

Plaintiff does not challenge the ALJ's RFC assessment or any other factual or evidentiary rulings.  The only issue to be revisited on remand then is the identification of compatible jobs that exist in the national economy.  Such a process would be duplicative of the existing record and, therefore, amount to no more than an "empty exercise". See Ward v. Comm'r of Soc. Sec, 211 F.3d 652, 656 (1st Cir. 2000).  Where, as here, remand

would serve the "purely formulaic purpose of . . . writ[ing] out what seems plain on a review of the record," it is not warranted. Shaw v. Sec'y of Health & Human Servs., 1994 WL 251000, at *5 (1st Cir. June 9, 1994).

Plaintiff contends that remand would serve more than a purely formulaic purpose because he could then challenge the expert testimony.  Plaintiff, however, overlooks that he was already provided a full and fair opportunity to challenge the testimony of the vocational expert during his initial ALJ hearing.  Indeed, he lodged multiple objections, all of which were considered and overruled by the ALJ.  He proffers no reason as to why he is entitled to a second bite at the apple.

Accordingly, the Appeals Council did not err in relying upon without explicitly citing the vocational expert evidence presented to the ALJ, but, even if it did, such error was harmless and does not warrant remand.

**ORDER**

For the foregoing reasons, plaintiff's motion to modify the decision of the Commissioner (Docket No. 11) is **DENIED** and defendant's motion for an order affirming the decision of the Commissioner (Docket No. 14) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 22, 2020